# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

*THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.*

RENDERED: DECEMBER 21, 2006
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2005-SC-000929-MR

JIMMY RAY SPARKMAN                                                           APPELLANT

V.
APPEAL FROM PENDLETON CIRCUIT COURT
HONORABLE ROBERT McGINNIS, JUDGE
NO. 04-CR-0059

COMMONWEALTH OF KENTUCKY                                                     APPELLEE

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

A Pendleton Circuit Court jury convicted Jimmy Ray Sparkman of four counts of first-degree sexual abuse and one count of first-degree sodomy. Sparkman committed all the offenses against J.S.W., beginning when she was eight years old and continuing until she was 11 years old. In accordance with the jury's recommendation, the trial court sentenced Sparkman to a total of 24 years in prison (one year on each count of first-degree sexual abuse; and 20 years on the single count of first-degree sodomy to run consecutively). Thus, he appeals to this Court as a matter of right. Ky. Const. § 110(2)(b).

Sparkman presents four issues for our review. First, he contends that -- although not preserved -- the trial court committed palpable error, which affected his substantial rights, when it allowed the investigating officer, Detective Mullikin, to testify

that sexual abuse crimes are the number one crime that he and other officers investigate; and manifest injustice resulted from the error. Second, he argues that the trial court erred in allowing Detective Mullikin to testify that he found the victim and her family to be bright, articulate, very well-spoken and up-front when they spoke with him and that the victim was emotional, but she made a very good statement. Third, he contends that -- although not preserved -- the trial court committed palpable error, which affected his substantial rights, when it allowed Detective Mullikin to state that he presented the case to the grand jury; and manifest injustice resulted from the error. Fourth, he argues that -- although not preserved -- the trial court committed palpable error, which affected his substantial rights, when it allowed the victim's mother to testify as to Sparkman's other acts; and manifest injustice resulted from the error.

On the issue of testimony of how Detective Mullikin found the victim and her family when they spoke with him, which was the only issue that was properly preserved, we find no error. And on the three remaining issues that were not preserved, we find no palpable error. Accordingly, we affirm the judgment of the Pendleton Circuit Court.

## I. Facts underlying the charges

The victim in this case is J.S.W. Sparkman was J.S.W.'s stepfather, although he and J.S.W.'s mother, Cory Bowman, are no longer married.

J.S.W. alleged that beginning in the summer of 2001 (when she was eight years old), Sparkman wanted her to play doctor with him in the master bedroom of the family's home. Playing doctor consisted of Sparkman requesting -- under the pretext that his doctor had ordered this -- that J.S.W. apply lotion and baby powder to his surgical scars. The scars resulted from treatment for a recent heart attack and a quadruple bypass operation. Two of the scars were located in his groin area. During

- 2 -

the course of these sessions, Sparkman would get an erection and ejaculate. On at least two occasions when Sparkman and J.S.W. were in the master bedroom, J.S.W.'s brother, A.J.S., walked in on them and observed J.S.W. standing by the bed and Sparkman quickly pulling the covers over himself in the bed.

In addition to having J.S.W. masturbate him, Sparkman subjected J.S.W. to the following sexual contact from the summer of 2001 until June of 2004: he asked her to shave his groin area on one occasion, and she did; he digitally penetrated her; he told her to perform oral sodomy on him, and she did; and he touched her breast when she was putting lotion and baby powder on his scars.

The following individuals testified at trial on behalf of the Commonwealth: A.J.S., Detective Mullikin, Cory Bowman, D.M.S., who is J.S.W.'s younger sister, and J.S.W. And the following individuals testified on behalf of Sparkman: his sister, Rita Peters; his friend, Tim Higgins; J.S.W.'s friend, April Higgins; and Sparkman.

We will begin our analysis of the issues with the only preserved issue and then move to the three unpreserved issues.

## II. Did the trial court err in admitting Detective Mullikin's testimony that he found the victim and her family to be bright, articulate, very well-spoken and up-front when they spoke with him and that the victim was emotional, but she made a very good statement?

The trial court did not abuse its discretion when it admitted this testimony.

### A. Standard of review

Whether to admit the testimony was within the trial court's discretion. See Partin v. Commonwealth, 918 S.W.2d 219, 222 (Ky. 1996). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Goodyear Tire and Rubber Co. v. Thompson, 11 S.W.3d 575,

581 (Ky. 2000).

B. Admissibility of testimony

Sparkman correctly argues that generally a witness may not vouch for the truthfulness of another witness. See Stringer v. Commonwealth, 956 S.W.2d 883, 888 (Ky. 1997). And, according to Sparkman, couching Detective Mullikin's testimony in terms of "demeanor" does not abrogate its improper nature.

Upon review of the entirety of Detective Mullikin's testimony, however, we perceive these comments as his observation of her demeanor -- just as the trial court did -- and his description of the victim and her family members and their level of cooperation. He did not state his opinion that they were truthful, although we acknowledge that his observations were generally favorable. That his description was favorable, however, does not make it inadmissible. Moreover, this Court has held that a witness's description that the victim was a bright child did not constitute improper bolstering of the victim's testimony. See Hardy v. Commonwealth, 719 S.W.2d 727, 729 (Ky. 1986).

The victim's behavior toward others when disclosing the sexual abuse was relevant. Indeed, defense counsel elicited testimony from two defense witnesses as to J.S.W.'s demeanor when discussing the abuse with them. One witness said that she was calm, and the other said that she was smiling and seemed happy. Just as it was not improper for those witnesses to testify to specific facts that tended to discredit J.S.W.'s testimony, it was not improper for Detective Mullikin to testify to specific facts, such as those evidencing J.S.W.'s emotional injury, that tended to prove that she was sexually assaulted. See Dickerson v. Commonwealth, 174 S.W.3d 451, 471 (Ky. 2005).

- 4 -

**III. Although not preserved, did the trial court commit palpable error, which affected Sparkman's substantial rights, when it allowed Detective Mullikin to testify that sexual abuse crimes are the number one crime that he and other officers investigate; and, if so, did manifest injustice result from the error?**

The trial court's admission of this testimony did not constitute palpable error.

A. Standard of review

RCr 10.26 applies in the case of unpreserved errors. The rule is as follows:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

And under KRE 103(e), we review unpreserved claims of evidentiary error for palpable error. "A finding of palpable error must involve prejudice more egregious than that occurring in reversible error, and the error must have resulted in 'manifest injustice.'" Ernst v. Commonwealth, 160 S.W.3d 744, 758 (Ky. 2005) (internal citations omitted).

B. Palpable error analysis

The specific testimony at issue was as follows:

> Q: Have you had occasion to investigate sex offenses?
> A. Yes.
> Q. And have any of those investigations included -- involved children?
> A. Yes, they have.
> Q. Any idea as to how many of those cases -- how many cases of sex abuse you've investigated which involve children?
> A. I cannot put a number on it because right now sexual abuse crimes is [sic] probably the number one thing that we investigate. That's what keeps us busy. Again, just numerous; I don't know how many.

Sparkman's trial counsel did not object to this testimony. Thus, the error is not preserved.

Sparkman argues that this testimony served no purpose other than to inform jurors that child sex abuse was rampant and taking up much of law enforcement's time. Moreover, Sparkman contends that such testimony constituted the efforts of the prosecution to place upon the jury the burden of doing what is necessary to protect the community from this rampant child sexual abuse.

To the contrary, we view this exchange in context as the prosecutor's attempt to lay the foundation for the fact that there would be no medical evidence in this case, a point that was discussed by both the prosecution and the defense in *voir dire*. This line of questioning pertained to the specific training and experience that the officer had in investigating the type of crime involved in this case, the way in which the investigations typically proceed, and the way in which the investigation proceeded in this case.

While there is little, if any, relevance in the detective's comment that sexual abuse crimes keep law enforcement busy to the ultimate issue of whether Sparkman sexually abused J.S.W., we do not find that the admission of this testimony constituted palpable error.

### IV. Although not preserved, did the trial court commit palpable error, which affected Sparkman's substantial rights, when it allowed Detective Mullikin to state that he presented the case to the grand jury; and, if so, did manifest injustice result from the error?

The trial court's admission of this testimony did not constitute error, palpable or otherwise.

As this is another unpreserved claim of evidentiary error, the standard of review that is set forth in the previous section applies here.

Sparkman argues that in a criminal case, it is critical that jurors be able to put away from their minds all the suspicion that arises from the indictment and present

- 6 -

situation of the accused and reach their conclusions about guilt or innocence solely on the basis of the proof adduced at trial. In support of this contention, Sparkman cites Taylor v. Kentucky, 436 U.S. 478, 98 S. Ct. 1930, 56 L. Ed 2d 468 (1978).

We cannot agree, however, that Detective Mullikin's comment that he presented the case to the grand jury violates Taylor. In Taylor, the trial court failed to instruct the jury that the law presumes a defendant to be innocent of a crime and that the indictment, previously read to the jury, was not evidence to be considered against the defendant, despite defendant's request for these instructions. See id. at 480-81. Nor did the trial court convey the substance of the requested instructions in its charge to the jury. See id. at 481. The United States Supreme Court granted certiorari and held that on the facts of the case "the trial court's refusal to give petitioner's requested instruction on the presumption of innocence resulted in a violation of his right to a fair trial as guaranteed by the Due Process Clause of the Fourteenth Amendment." Id. at 490.

In this case, the trial court instructed the jury on at least three occasions during the trial that the indictment did not constitute evidence against Sparkman. Moreover, the jury instructions included the following instruction:

> Instruction No. 4
> Presumption of Innocence
>
> The law presumes a defendant to be innocent of a crime and the Indictment shall not be considered as evidence or as having any weight against him. You shall find the Defendant not guilty unless you are satisfied from the evidence alone and beyond a reasonable doubt that he is guilty. If upon the whole case you have a reasonable doubt that he is guilty, you shall find him not guilty.

The detective's comment was not improper under Taylor and certainly did not undo the trial court's instructions. Under these circumstances, we find no error. Thus, there can be no palpable error.

**V. Although not preserved, did the trial court commit palpable error, which affected Sparkman's substantial rights, when it allowed the victim's mother to testify as to Sparkman's other acts; and, if so, did manifest injustice result from the error?**

The trial court's admission of this testimony did not constitute error, palpable or otherwise.

As this is another unpreserved claim of evidentiary error, the standard of review that is set forth in Section III applies here.

Sparkman complains of the following testimony given by the victim's mother, Cory Bowman, on cross-examination by his counsel:

> Q. After his [Sparkman's] heart attack and his surgery -- well, immediately after his surgery -- was he bedridden for a period of time?
> A. No. He come [sic] straight home and actually got into a fight with a neighbor -- the day after -- knocked him off the porch after he had his surgery.

Sparkman argues that this testimony was inadmissible under KRE 404(b) as Bowman's response reflected negatively on his character and suggested that he had a criminal or bad disposition. We disagree. While evidence of other acts is not admissible under KRE 404(b) to prove the character of a person in order to show action in conformity therewith, it may be admissible if offered for some other purpose.

Here, Cory Bowman, who was Sparkman's wife at the time he came home from the hospital following the operation, gave this answer in response to defense counsel's question, which he likely asked to establish that Sparkman was bedridden after his surgery and incapable of the alleged sexual abuse. Bowman answered the question, and then went on to explain. She offered this evidence to demonstrate that Sparkman was not bedridden after his surgery.

Sparkman does not argue that Bowman's answer was unresponsive.

-8-

Consequently, "[o]ne who asks questions which call for an answer has waived any objection to the answer if it is responsive." <u>Estep v. Commonwealth</u>, 663 S.W.2d 213, 216 (Ky. 1983).

Under these circumstances, we find no error. Thus, there can be no palpable error.

We affirm the judgment of the Pendleton Circuit Court.

All concur

COUNSEL FOR APPELLANT:

Donna L. Boyce
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601


COUNSEL FOR APPELLEE:

Gregory D. Stumbo
Attorney General of Kentucky
Room 118 Capitol Building
Frankfort, KY 40601

Jeffrey A. Cross
Assistant Attorney General
Attorney General's Office
1024 Capital Center Drive
Frankfort, KY 40601